**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **JOHN W. STONE OIL DISTRIBUTOR, L.L.C., CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ACE AMERICAN INSURANCE COMPANY, and NATIONAL FIRE & MARINE INSURANCE COMPANY** ***Plaintiffs*** | **CIVIL ACTION NO.** |
| | **SECTION** |
| **VERSUS** | **JUDGE** |
| **PENN MARITIME INC., BISSO TOWBOAT CO., INC., TOWING VESSEL LUCIA, BARGE CARIBBEAN, and TOWING VESSEL WILLIAM S, its tackle, furniture, and appurtenances, *in rem*** ***Defendants*** | **MAGISTRATE** |

**VERIFIED COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes John W. Stone Oil Distributor, L.L.C. ("Stone") and Certain Underwriters at Lloyd's, London, ACE American Insurance Company, and National Fire & Marine Insurance Company (together and collectively "Underwriters") and for their Complaint against defendants, Penn Maritime Inc., *in personam*, Bisso Towboat Co., Inc., *in personam*, Towing Vessel Lucia, *in rem*, Barge Caribbean, *in rem*, and Towing Vessel William S, *in rem*, respectfully represents as follows:

1.

This action arises out of an allision that occurred on January 15, 2016, upon the navigable waters of the United States within this judicial district, at approximately mile 96.5 Above Head of Passes ("AHP") of the Lower Mississippi River, in Jefferson Parish, Louisiana.

2.

Subject matter jurisdiction of this Honorable Court over this action is founded upon its admiralty and maritime jurisdiction, 28 U.S.C. §1333, and in accordance with Rule 9(h) and the Supplemental Admiralty and Maritime Rules of the Federal Rules of Civil Procedure.

3.

Venue in this judicial district is proper because the negligence and other fault that caused the subject allision occurred and a substantial part of the property that is the subject of this action is situated within this judicial district, *i.e.*, in Jefferson Parish, Louisiana. 28 U.S.C. §1391(b)(2). Additionally, all defendants voluntarily conduct significant business in Louisiana and within this judicial district, and all *in rem* defendants can be found within this judicial district and jurisdiction of this Honorable Court or will be found within this judicial district and jurisdiction of this Honorable Court during the pendency of this action. All *in personam* defendants are subject to service of process and all *in rem* defendants are subject to arrest within this judicial district and jurisdiction of this Honorable Court.

4.

Plaintiff, John W. Stone Oil Distributor, L.L.C. is a Louisiana Limited Liability Company, which maintains it principal place of business in Jefferson Parish, Louisiana.

5.

Plaintiffs, Certain Underwriters at Lloyd's, London severally and not jointly subscribing, each for himself and not one for the other, to a Cover Note bearing Contract No. DP032615, UMR No. B0509DP032615, collectively subscribe to 55 percent of property damage insurance issued to Stone.

6.

Plaintiff, ACE American Insurance Company, pursuant to its Policy No. EPR NO 91 68 62 A, subscribes to 25 percent of property damage insurance issued to Stone.

7.

Plaintiff, National Fire & Marine Insurance Company, pursuant to its Policy No. 42-PRP-301209-01, subscribes to 20 percent of property damage insurance issued to Stone.

8.

Underwriters have paid a portion of Stone's damages pursuant to the terms and conditions of their respective policies and contracts, and Underwriters, therefore, are subrogated to the rights of Stone to pursue this action against the defendants, to the extent of Underwriters' respective contributions.

9.

*In personam* defendant, Penn Maritime Inc. ("Penn") is a non-Louisiana Business Corporation, which regularly conducts business in Louisiana and within this judicial district. Penn may be served process through its registered agent in Louisiana, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, LA 70802.

10.

*In personam* defendant, Bisso Towboat Co., Inc. ("Bisso") is a Louisiana Business Corporation, which maintains it principal place of business in St. Charles Parish, Louisiana, within this judicial district. Bisso may be served process through its registered agent in Louisiana, Scott T. Slatten, 13969 River Road, Luling, LA 70070.

11.

*In rem* defendant, Towing Vessel Lucia, is a 121.6 ft. x 38 ft. x 20.4 ft. (254 gross ton) merchant vessel of the United States of America, bearing Official No. 1029758, which regularly can be found within this judicial district.

12.

*In rem* defendant, Barge Caribbean, is a 442.9 ft. x 72 ft. x 36 ft. (8,327 gross ton) merchant vessel of the United States of America, bearing Official No. 1027617, which regularly can be found within this judicial district.

13.

*In rem* defendant, Towing Vessel William S, is a 96 ft. x 38 ft. x 16.5 ft. (195 gross ton) merchant vessel of the United States of America, bearing Official No. 1029758, which regularly can be found within this judicial district.

14.

On January 15, 2016 and at all relevant times, Stone owned and operated an oil storage and transfer facility at approximately mile 96.5 AHP on the right descending bank of the Mississippi River, in Jefferson Parish, Louisiana. Stone's facility included various oil transfer systems, floating docks, and moorings, including Dock 6 and Dock 7, which facility, prior to the allision herein described, was in sound condition, and in all respects fully operational and properly maintained.

15.

On January 15, 2016 and at all relevant times, Penn owned and operated the Towing Vessel Lucia and Barge Caribbean, which vessels were mated as an Articulated Tug and Barge unit ("ATB Lucia/Caribbean").

16.

On January 15, 2016 and at all relevant times, Bisso owned and operated the Towing Vessel William S.

17.

On January 15, 2016, ATB Lucia/Caribbean, with the assistance of William S, attempted to turn around from an upriver direction to a downriver direction at approximately mile 96.6 AHP. However, ATB Lucia/Caribbean and William S failed to execute the maneuver, with the result that the bow of ATB Lucia/Caribbean allided with tank barge S-35, which was moored to Dock 6 along with tank barges S-32 and S-39.

18.

The allision by ATB Lucia/Caribbean, with William S assisting and connected to the ATB unit tow by a towline, caused damage Stone's oil transfer systems, floating docks, and moorings, including Dock 6 and Dock 7.

19.

Neither the negligence, unseaworthiness, nor any other fault of Stone or any of the barges S-19, S-32, S-35, S-39, AGT-3601, nor the floating dock barge S 6 caused or contributed to any of the damages caused by the allision.

20.

ATB Lucia/Caribbean and William S were moving vessels that struck fixed objects, and therefore, ATB Lucia/Caribbean and William S are presumed to be at fault in causing all damages arising out of the allision.

21.

ATB Lucia/Caribbean and William S were negligent or otherwise at fault in causing the allision for the following, non-exclusive, reasons:

a. Failure to properly plan and communicate the maneuver to turn ATB Lucia/Caribbean and William S around in the Mississippi River;

b. Failure to properly execute the maneuver to turn ATB Lucia/Caribbean and William S around in the Mississippi River;

c. Failure to timely and properly execute evasive maneuvers once it became apparent that ATB Lucia/Caribbean and William S were not going to successfully complete the maneuver to turn ATB Lucia/Caribbean and William S around in the Mississippi River;

d. Failure to select and to provide proper vessels and equipment to execute the maneuver to turn ATB Lucia/Caribbean and William S around in the Mississippi River;

e. Failure to hire and properly train adequate and competent crew to execute the maneuver to turn ATB Lucia/Caribbean and William S around in the Mississippi River;

f. Any and all other acts of negligence, unseaworthiness, statutory violations, and other fault that will be proven at trial of this matter.

22.

Defendants' and their vessels' committed statutory violations, and therefore, defendants and their vessels are presumed to be at fault in causing all damages arising out of the allision.

23.

As a result of the negligence, unseaworthiness, statutory violations, and other fault of the defendants, Penn, Bisso, and their vessels, Stone and Underwriters suffered a total of at least **One Million, Six Hundred and Two Thousand, Five Hundred Forty-four and 63/100 Dollars ($1,602,544.63)** in damages to its facility, plus interest, or such other amount as will be proven at trial of this matter.

24.

Stone and Underwriters reserve the right to supplement or amend this Complaint as additional information becomes available.

**WHEREFORE**, plaintiffs pray that:

1. Process in the due form of law issue against the *in personam* defendants, Penn Maritime Inc. and Bisso Towboat Co., Inc., compelling them to appear and answer this Complaint within the delays provided by law;

2. After due proceedings are had, there be judgment herein in favor of plaintiffs, John W. Stone Oil Distributor, L.L.C., Certain Underwriters At Lloyd's, London, ACE American Insurance Company, and National Fire & Marine Insurance Company, and against the *in personam* defendants, Penn Maritime Inc. and Bisso Towboat Co., Inc., condemning said defendants to pay the amount due to plaintiffs, together with interest thereon, all costs of these proceedings, and all attorney fees;
3. Process in the due form of law issue against the *in rem* defendants, Towing Vessel Lucia, its tackle, furniture, and appurtenances, Barge Caribbean, its tackle, furniture, and appurtenances, and Towing Vessel William S, its tackle, furniture, and appurtenances, in accordance with Rule C and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, of the Federal Rules of Civil Procedure, and that all persons claiming any interest therein be compelled to appear and answer this Complaint;
4. After due proceedings are had, there be judgment in favor of plaintiffs, John W. Stone Oil Distributor, L.L.C., Certain Underwriters At Lloyd's, London, ACE American Insurance Company, and National Fire & Marine Insurance Company, and against the *in rem* defendants, Towing Vessel Lucia, its tackle, furniture, and appurtenances, Barge Caribbean, its tackle, furniture, and appurtenances, and Towing Vessel William S, its tackle, furniture, and appurtenances, condemning said vessels to be sold to pay the amount which the Court determines to be due to plaintiff, together with interest thereon, costs of these proceedings, and all costs incurred in *custodia legis*; and

5. After due proceedings are had, there be judgment herein granting to plaintiffs, John W. Stone Oil Distributor, L.L.C., Certain Underwriters At Lloyd's, London, ACE American Insurance Company, and National Fire & Marine Insurance Company, all general and equitable relief as this Court may deem just in the premises and be competent to grant.

Respectfully submitted,

**LARZELERE PICOU WELLS SIMPSON LONERO, LLC**
3850 N. Causeway Boulevard
Suite 1100 – Two Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565
E-mail: jpicou@lpwsl.com
jsimpson@lpwsl.com

**BY:** ______________________
**J. DANIEL PICOU (#13827)**
**T. JUSTIN SIMPSON, (#18437) T.A.**
**ATTORNEYS FOR PLAINTIFFS, JOHN W. STONE OIL DISTRIBUTOR, L.L.C., CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, ACE AMERICAN INSURANCE COMPANY, and NATIONAL FIRE & MARINE INSURANCE COMPANY**

# VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON**

I, **T. JUSTIN SIMPSON,** make the following verification under penalty of perjury, pursuant to 28 U.S.C. § 1746:

I am member of the firm of Larzelere Picou Wells Simpson Lonero, L.L.C. and counsel for plaintiffs herein. I have read the foregoing Complaint, and I verify that it is true and correct to the best of my knowledge and information.

The sources of my knowledge and information used to prepare this Complaint are records available through the Louisiana Secretary of State, Business Filing website (https://coraweb.sos.la.gov/CommercialSearch/CommercialSearch.aspx, last visited on 5/10/2017), the NOAA, Office of Science & Technology, Vessel Documentation website (http://www.st.nmfs.noaa.gov/st1/CoastGuard/VesselByName.html, last visited on 5/10/2017), the NTSB report Marine Accident Brief for Accident No. DCA16FM017, the USCG Maritime Information Exchange, Incident Investigation Report, MISLE Activity Number: 5798492, and information given to me and documents furnished to me by the plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 15, 2017

**T. Justin Simpson**

**Please see next page for service instructions**
Please issue summons to:

**Penn Maritime Inc.**
through its registered agent for service of process:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, LA 70802

and

**Bisso Towboat Co., Inc.**
through its registered agent for service of process:
Scott T. Slatten
13969 River Road
Luling, LA 70070

Please withhold service on **Towing Vessel Lucia**, **Barge Caribbean**, and **Towing Vessel William S**, until further request.